## No. 4967.

### SUCCESSION OF ETIENNE CARLON.

As the law has prescribed no specific form in which the appointments of administrators are to be made, if the certificate of appointment is signed by the judge, although it may not be in the usual form and manner in which such appointments are made, and letters issued, yet it must be considered as the act of the judge and effect must be given to it.

In this case the instrument declares that the application was made, that the party applying was duly appointed administrator and has fulfilled all the requirements of the law. This is to all intents and purposes the evidence of an appointment by the judge who signed the document.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J. *Albert Voorhies,* for appellant. *J. A. & V. J. Rozier,* for appellee.

HOWELL, J. The appellees, who are neither creditors nor heirs,

took a rule against A. E. Carlon to show cause why he should not desist from pretending that he has been appointed administrator of this succession and from acting as such, on the grounds that there is no order of court appointing him ; that he has not furnished a bond as required by law, and that he has without authority assumed in such capacity to sue the movers.

No exception was taken to the right or form of action, and we are called on to determine whether the administrator has authority to act as administrator. He has produced the following instrument :

" STATE OF LOUISIANA,

" Second District Court, for the parish of Orleans.

" This shall certify to whom it may concern, that on the seventeenth day of February, in the year of our Lord one thousand eight hundred and seventy-two, and the ninety-seventh of the Independence of the United States of America, an application was made to the honorable judge of the Second District Court, for the parish of Orleans, by Ana-charsis Etienne Carlon, praying that he might be appointed adminis-trator of the succession of Etienne Carlon, his deceased father. Now, know ye, that the said Anacharsis Etienne Carlon has been and is hereby appointed administrator to the said succession of Etienne Car-lon, and that he has fulfilled all the requisites of the law.

" Witness our hand and the seal of the said Second District Court, this fifteenth day of January, in the year of our Lord one thousand eight hundred and seventy-three, and the ninety-seventh of the Independ-ence of the United States.

(Signed)                              " A. L. TISSOT, Judge.
(Signed)                              " A. RICHARDS,

" Deputy Clerk."

The appellees insist that the clerk issued the above certificate without authority and in error, and erroneously made the judge sign it, and it is therefore meaningless. We find no evidence that the clerk caused the judge to sign it erroneously, and although it is not the usual manner in which such appointments are made and letters issued, yet we must consider it the act of the judge; and as the law has pre-scribed no specific form in which the appointments of administrators are to be made, we must give it the effect of an order appointing the appellant. The instrument declares that the application was made by the appellant, that he was and is hereby appointed administrator, and has fulfilled all the requirements of the law. This is to all intents and purposes the evidence of an appointment by the judge who signed the document. In the case in 6 An. p. 700, it does not appear that the judge signed the letters of administration, on which the party relied to show his appointment. It was merely the act of the clerk, who had

not the power to make the appointment; while here it is the act of the judge.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the defendant, A. E. Carlon, dismissing the rule against him with costs in both courts.

Rehearing refused.